CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 2 3 2019

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JODIE SHAWNTALE PENNIX, | ) | CASE NO. 7:19CV00051 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| HAROLD CLARKE, ET AL., | ) | By: Glen E. Conrad |
| | ) | Senior United States District Judge |
| Defendants. | ) | |

Plaintiff Jodie Shawntale Pennix, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that correctional officers used excessive force against him, in violation of his constitutional rights. After review of the record, the court concludes that the defendants' partial motion to dismiss must be granted.

I.

In 2018, Pennix was confined at River North Correctional Center ("RNCC"), a prison facility operated by the Virginia Department of Corrections ("VDOC"). He alleges the following sequence of events on which he bases his § 1983 claims. On May 18, 2018, officers searched Pennix's cell and discovered paraphernalia used to make wine. Defendants Dean, Lundy, and Lyons called Pennix and his cell mate into the hallway and told them they were being moved to segregation. Lyons frisked Pennix and then ordered him to kneel down to be handcuffed and shackled. Pennix asked several times for help kneeling because he has "bad knees." Mem. Supp. 3, ECF No. 1-2. Lyons refused to shackle Pennix unless he was kneeling.

At this point, Dean "threw [Pennix] face-down onto the ground. [He] did not resist. Dean punched [him] in the face. Defendant Lundy kicked [Pennix] under his eye" and on his nose, then "dropped his knee onto [Pennix's] head several times." Id. While Pennix was on the

ground, Dean and Lyons placed him in handcuffs and shackles. When he was fully restrained, they picked him up and escorted him outside. On the way, "Dean bent [Pennix's] left wrist backwards" and Lyons "torqued [his] right arm upwards . . . at a 30-45 degree angle and causing him to experience immense pain in his shoulder." Id. When Pennix complained that the officers were hurting him, "Dean bent [his] wrist even further," causing him to scream in pain. Id. at 4. Dean "threw [Pennix] into the cement face-first, causing him to get 'road rash' on his temple. He and Lyons started choking [Pennix] with his shirt." Id. Pennix told them that he could not breathe and was blacking out, and they loosened the shirt, picked him up, and escorted him to segregation with no further incident. From the incident, Pennix suffered "an abrasion on the left side of his face, a bloody nose, a cut under his right eye, cuts on his wrists and ankles, a lump on his left forehead," back and knee pain, and mental injury. Id.

In the complaint, Pennix alleges (1) claims under § 1983 that Dean, Lyons, and Lundy used excessive force against him, in violation of the Eighth Amendment; (2) claims that Dean, Lyons, and Lundy committed assault and battery against him in violation of state law; and (3) claims that VDOC Director Clarke is vicariously liable for his subordinates' state law violations under the doctrine of respondeat superior. As relief, Pennix seeks compensatory and punitive damages.

The defendants have filed a partial motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that they are immune to Pennix's claims against them in their official capacities and that Clarke is entitled to sovereign immunity. Pennix has responded to the defendants' motion, making it ripe for disposition.

II.

The purpose of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the action. Edwards v. City of Goldsboro, 178 F.3d 231, 243-44 (4th Cir. 1999). At this stage of the litigation, the court must accept the well-pleaded allegations in the complaint as true and draw all reasonable factual inferences from those facts in the plaintiff's favor. Id. at 244. To survive a motion to dismiss under Rule 12(b)(6), the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).[1]

The defendants argue that VDOC Director Clarke cannot be held vicariously liable under respondeat superior for the alleged state law violations committed by his subordinates.[2] In response to the defendants' motion, Pennix concedes that his only claims against Clarke should be dismissed as the defendants contend. The court agrees. See Reid v. Newton, No. 3:13-CV-572, 2014 WL 1493569, at *9 (E.D. Va. Apr. 14, 2014) (holding that a regional jail superintendent could not be held liable under the doctrine of respondeat superior because he merely supervised subordinates, rather than appointed or employed deputies to carry out his duties); Rasi v. Dep't of Corr., No. 7:08CV00203, 2009 WL 102530, at *10 (W.D. Va. Jan. 14, 2009) ("Public officers are generally not vicariously liable for the actions of a subordinate unless the public officer appointed that subordinate.") (citing First Va. Bank-Colonial v. Baker, 301 S.E.2d 8, 13 n. 4 (Va. 1983) ("[A] public officer who appoints a deputy (as distinguished from a mere assistant or subordinate) is generally responsible for the [deputy's] official acts, because the

---

[1] The court has omitted internal quotation marks, alterations or citations here and throughout this memorandum opinion, unless otherwise noted.

[2] Pennix does not claim that Clarke should be held vicariously liable for the other defendants' alleged constitutional violations by means of respondeat superior, nor could he. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978) (finding no vicarious liability for a municipal "person" under 42 U.S.C. § 1983); Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) ("The doctrine of respondeat superior has no application under [§ 1983].").

act of the deputy, by color of the principal's authority, is that of the principal himself . . . ."). Accordingly, the court will grant the motion to dismiss as to Clarke.

The defendants also argue that Pennix cannot prevail on his claims for damages against Dean, Lundy, and Lyons in their official capacities. The court agrees. State employees acting in their official capacities do not qualify as "persons" subject to being sued under § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). The Eleventh Amendment precludes an award of monetary damages against a state employee who has been sued in his official capacity under § 1983. Cromer v. Brown, 88 F.3d 1315, 1332 (4th Cir. 1996).

For the stated reasons, the court concludes that the defendants' partial motion to dismiss must be granted. The action will go forward on Pennix's remaining claims against Dean, Lundy, and Lyons in their individual capacities. An appropriate order will enter this day.

ENTER: This 23rd day of October, 2019.

/s/ Glen Conrad
Senior United States District Judge